UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MARGARITA GONZALEZ,

        Plaintiff,

   -against-

STOP & SHOP, STORE "500",

        Defendants.
------------------------------------------------------------X

08 CV 01989

**PETITION**
**FOR REMOVAL**

**JURY TRIAL DEMANDED**

**ECF CASE**

RECEIVED
FEB 28 2008
U.S.D.C. S.D. N.Y. CASHIERS

    The Defendant, **THE STOP & SHOP SUPERMARKET COMPANY, LLC** i/s/h/a **STOP & SHOP, STORE 500**, petitioners for removal of this action from the Supreme Court of the State of New York, County of Bronx to the United States District Court, Southern District of New York, respectfully shows this Honorable Court:

    **FIRST:**    Plaintiff commenced an action against the above named Defendant, in a civil action brought against them in the Supreme Court of the State of New York, County of Bronx entitled:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------------------------------X
MARGARITA GONZALEZ,

        Plaintiff,

   -against-

STOP & SHOP, STORE "500",

        Defendants.
------------------------------------------------------------X

Index No.: 300783-08

(A copy of the Summons and Complaint in this action and Affidavit of Service on Defendant are annexed hereto as **Exhibit "A"**).

**SECOND:** This is an action of civil nature in which the District Courts of the United States have been given original jurisdiction in that there exists diversity of citizenship between the plaintiff and the defendant and the amount in controversy exceeds the sum of $75,000.00 exclusive of interests and costs. Accordingly there exists original jurisdiction in the District Courts of the United States as provided in 28 U.S.C. §1332.

**THIRD:** Under the provisions of 28 U.S.C. §1441, the right exists to remove this civil action from the Supreme Court of the State of New York, County of Bronx to the United States District Court for the Southern District of New York, which embraces the place where this action is pending.

**FOURTH:** This action involves a controversy between citizens of different states. The plaintiff is and was at the commencement of the action, a citizen of Bronx County, New York State. Plaintiff claims that the subject accident occurred at a Stop & Shop supermarket known as Store #500 located at 28 Harrison Avenue, New Rochelle, New York on September 25, 2007 when she had an accident resulting in personal injuries. There is no legal entity known as the named Defendant "Stop & Shop, Store 500". Rather, the correct legal entity which owned and operated this store on the accident date is The Stop & Shop Supermarket Company, LLC, which is a foreign limited liability company at all times having its principal place of business at 1385 Hancock Street, Quincy, Massachusetts and having been registered as a limited liability company in the State of Delaware. The Stop & Shop Supermarket Company, LLC is wholly owned by Ahold U.S.A., Inc. Ahold USA, Inc. is a Maryland corporation with its principal place of business in Maryland.

**FIFTH;** Upon information and belief, Plaintiff contends that the amount in controversy exceeds the $75,000 threshold. Plaintiff's Complaint does not specify the amount of damages because under New York State CPLR Section 3017(c), a plaintiff in a personal injury matter filed in the Supreme Court of the State of New York is not permitted to assert the damages amount in the Complaint. Plaintiff's attorney, Robert Fassberg of Crowe & Fassberg, P.C. advised your Affirmant on February 27, 2008 that Plaintiff's primary physical injury is a herniated disc of the lumbar spine and that she has not worked since the accident date. He stated that he seeks damages in the amount of $750,000 which he intends to state in response to any demand for an Ad Damnum clause. Accordingly, the Court has diversity jurisdiction over this Action.

**SIXTH:** In accordance with the requirements of 28 U.S.C. §1446, Defendants attach herewith and incorporate herein by reference copies of the following items served in this action:

    a. Plaintiff's Summons and Complaint and Affidavit of Service.

**SEVENTH:** By reason of the foregoing, the Defendant desires and are entitled to have this action removed from the Supreme Court of the State of New York, County of Bronx to the United States District Court for the Southern District of New York, such being the district where this suit is pending.

**EIGHTH:** Concurrent with the filing of service and petition for removal, Defendant is serving this petition for removal upon the plaintiff's attorney, and filing a copy of this petition for removal with the Clerk of the Court for the Supreme Court of the State of New York, County of Bronx.

WHEREFORE, Defendant, **THE STOP & SHOP SUPERMARKET COMPANY, LLC i/s/h/a STOP & SHOP, STORE 500,** pray that the above-entitled action now pending against them in the Supreme Court of the State of New York, County of Bronx be removed there from that Court.

Dated: Albertson, New York
February 28, 2008

BY: _____
**PAUL ESCHMANN, ESQ.**
**AHMUTY, DEMERS & McMANUS, ESQS.**
Attorneys for Defendant,
**THE STOP & SHOP SUPERMARKET COMPANY, LLC i/s/h/a STOP & SHOP, STORE "500"**
200 I.U. Willets Road
Albertson, New York 11507
(516) 294-5433
**Our File No. : SAS0201N8PAE**

TO: Robert Fassberg
Crowe & Fassberg, P.C.
Attorney for Plaintiff
MARGARITA GONZALEZ
3000 Marcus Avenue, Ste. 1E5
Lake Success, N.Y. 11042
(516) 570-4012

DOCKET NO. :

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
=========================================
MARGARITA GONZALEZ,

                Plaintiff,

  -against-

STOP & SHOP, STORE "500",

                Defendants.
=========================================
PETITION FOR REMOVAL
=========================================
AHMUTY, DEMERS & McMANUS, ESQS.
Attorneys for Defendant,
THE STOP & SHOP SUPERMARKET COMPANY, LLC i/s/h/a
STOP & SHOP, STORE "500"
200 I.U. Willets Road
Albertson, New York 11507
Tel #: 516-294-5433
Our File No. : SAS0201N8PAE
=========================================
To:  [See Affidavit of Service]

Attorneys for:
=========================================
Service of a copy is hereby admitted

Dated: Albertson, New York
       February 28, 2008

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

---------------------------------------x   Index No. 300783-08
MARGARITA GONZALEZ,                         Date Purchased:

      Plaintiff,      **SUMMONS**

      -against-      Plaintiff designated BRONX
                                  County as the place of trial.
STOP & SHOP, STORE "500",

                             The basis of venue is
      Defendants.         Plaintiff's residence
---------------------------------------x

Plaintiff resides at
2248 Lafayette Avenue,
Bronx, NY 10473

**To the above named Defendant:**

    **You are hereby summoned** to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on Plaintiff's attorneys within twenty days after the service of this summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or, within 30 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: Lake Success, New York
       January 23, 2008

                                              ROBERT FASSBERG
                                              Crowe & Fassberg, P.C.
                                              Attorney for Plaintiff
                                              MARGARITA GONZALEZ
                                              3000 Marcus Ave., Ste.
                                              Lake Success, NY 11042
                                              (516) 570-4012

TO:     Stop & Shop, Store. 500
          28 Harrison Avenue
          New Rochelle, NY

00-30474192

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
―――――――――――――――――――――――――x   Index No.
MARGARITA GONZALEZ,                 Date Purchased:

      Plaintiff,        **COMPLAINT**

      -against-

STOP & SHOP, STORE "500",

      Defendants.
―――――――――――――――――――――――――x

    Plaintiff, by her attorneys, **CROWE & FASSBERG, P.C.**, complaining of the Defendant, respectfully alleges, upon information and belief:

1. That at all times hereinafter mentioned, Plaintiff was and still is a resident of the County of Bronx, State of New York.

2. That this action falls within one or more of the exceptions as set forth in CPLR §1602.

3. That at all times hereafter mentioned, the Defendant, **STOP & SHOP, STORE 500**, was and still is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

4. That at all times hereinafter mentioned, the Defendant, **STOP & SHOP, STORE 500**, was and still is a foreign corporation duly authorized to do business in the State of New York.

5. That at all times hereinafter mentioned, the Defendant, **STOP & SHOP, STORE 500**, maintained a place of business at 28 Harrison Avenue, New Rochelle, in the County Westchester, State of New York.

00-30474192

Case 1:08-cv-01989-GWG    Document 1-2    Filed 02/28/2008    Page 3 of 6

02/28/2008 15:57 FAX 9164976434    SOLOMON RICHMAN PC    ☒003/006

6. That at all times hereinafter mentioned, the Defendant, **STOP & SHOP, STORE 500,** owned the premises and appurtenances and fixtures thereto, located at 28 Harrison Avenue, New Rochelle, New York.

7. That al all times hereinafter mentioned, the Defendant, **STOP & SHOP, STORE 500,** operated the aforesaid premises.

8. That at all times hereinafter mentioned, the Defendant, **STOP & SHOP, STORE 500,** managed the aforesaid premises.

9. That at all times hereinafter mentioned, the Defendant, **STOP & SHOP, STORE 500,** controlled the aforesaid premises.

10. That at all times hereinafter mentioned, the Defendant, **STOP & SHOP, STORE 500,** maintained the aforesaid premises.

11. On September 25, 2007, **MARGARITA GONZALEZ,** was lawfully on the aforesaid premises.

12. On September 25, 2007, Plaintiff, **MARGARITA GONZALEZ,** was lawfully on the aforesaid premises with the knowledge, permission and consent of Defendant.

13. On September 25, 2007, while Plaintiff, **MARGARITA GONZALEZ,** was lawfully about the aforesaid premises she was caused to trip and/or slip and fall and sustain serious and permanent injuries.

14. The above mentioned occurrence, and the results thereof, were caused by the negligence of the Defendant and/or said Defendant's agents, servants, employees in the ownership, operation, management, supervision, maintenance and control of the aforesaid premises.

00-30474192

15. That no negligence on the part of the Plaintiff contributed to the occurrence alleged herein in any manner whatsoever.

16. That by reason of the foregoing, Plaintiff, MARGARITA GONZALEZ, was caused to sustain serious injuries and to have suffered pain, shock and mental anguish; that these injuries and their effects will be permanent; and as a result of said injuries, Plaintiff has been caused to incur, and will continue to incur, expenses for medical care and attention; and, as a further result, Plaintiff was, and will continue to be, rendered unable to perform Plaintiff's normal activities and duties and has sustained a resultant loss therefrom.

17. That by reason of the foregoing, Plaintiff, MARGARITA GONZALEZ, has been damaged in an amount exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

**WHEREFORE**, Plaintiff demands judgment against the Defendant in an amount to exceed the jurisdictional limits of a lower court which would otherwise have jurisdiction together with costs and disbursements of this action.

Dated: Lake Success, New York
January 23, 2008

ROBERT FASSBERG
Crowe & Fassberg, P.C.
Attorney for Plaintiff
3000 Marcus Ave., Ste. 1E5
Lake Success, NY 11042
(516) 570-4012

00-30474192

02/28/2008 15:37 FAX 5164376434          SOLOMON RICHMAN PC                    ☒005/006

STATE OF NEW YORK
COUNTY OF NASSAU

I, the undersigned, an attorney admitted to practice in the Courts of the State of New York, state that I am the attorney for the plaintiff; I have read the foregoing complaint and know the contents thereof; the same is true to my own knowledge, except as to the matters therein alleged to be on information and belief, and as to those matters I believe to be true. The reason this verification is being made by me and not by plaintiff is that I maintain my office in a county other than where the plaintiff resides.

The grounds of my belief as to all matters not stated upon my own knowledge are as follows: Investigation and review of the entire file maintained by my office.

I affirm that the foregoing statements are true, under the penalties of perjury.

Dated: Lake Success, New York
       January 23, 2008

_____
ROBERT FASSBERG

00-30474192

02/20/2008 15:37 FAX 5164376     SOLOMON RICHMAN PC     ☒001/001

**AFFIDAVIT OF SERVICE**

Index #: **300783/08**
Date Purchased: **January 29, 2008**
Date Filed: _____
Court Date: _____

**SUPREME COURT OF THE STATE OF NEW YORK**
**BRONX COUNTY**

ATTORNEY(S): ROBERT FASSBERG, ESQ. : CROWE & FASSBERG, P.C.   PH: 516-570-4012
ADDRESS: 3000 MARCUS AVE. - SUITE 1E5  LAKE SUCCESS  NY  11042   File No.: _____

**MARGARITA GONZALEZ,**
vs.
**STOP & SHOP, STORE "500",**

Plaintiff(s)/Petitioner(s)

Defendant(s)/Respondent(s)

STATE OF NEW YORK, COUNTY OF NASSAU   SS.:
**DAVID LEVINE**, being duly sworn deposes and says: Deponent is not a party herein, is over 18 years of age and resides in New York State. On **February 12, 2008** at **9:14 AM**, deponent served the within at **28 HARRISON AVENUE NEW ROCHELLE, NY**

**Summons and Complaint**

with Index Number **300783/08**, and Date Purchased **January 29, 2008** endorsed thereon,

on: **STOP & SHOP, STORE "500"**, **Defendant** therein named.

#1 INDIVIDUAL ☐ By delivering a true copy of each to said recipient personally; deponent knew the person served to be the person described as said person therein.

#2 CORPORATION ☒ By delivering to and leaving with **PERRY LOPEZ - MANAGER** and that deponent knew the person so served to be Managing Agent of the corporation, and authorized to accept service on behalf of the corporation.

Service was made in the following manner after your deponent was unable, with due diligence, to serve the witness/defendant in person, and an attempt to locate the defendant's place of employment.

#3 SUITABLE AGE PERSON ☐ By delivering a true copy of each to _____ a person of suitable age and discretion. Said premises is recipient's [ ] actual place of business   [ ] dwelling house (usual place of abode) within the state.

#4 AFFIXING TO DOOR ☐ By affixing a true copy of each to the door of said premises, which is recipient's:   [ ] actual place of business   [ ] dwelling house (place of abode) within the state.

#5 MAIL COPY ☐ On _____, deponent completed service under the last two sections by depositing a copy of the _____ to the above address in a 1st Class postpaid properly addressed envelope marked "Personal and Confidential" in an official depository under the exclusive care and custody of the United States Post Office in the State of New York. Certified Mail No. _____

Deponent was unable, with due diligence to find recipient or a person of suitable age and discretion, having called thereat on the _____ day of _____ at _____
on the _____ day of _____ at _____
on the _____ day of _____ at _____
on the _____ day of _____ at _____

#6 NON-SRVC ☐ After due search, careful inquiry and diligent attempts, I have been unable to effect process upon the person/entity being served because of the following: [ ] Unknown at Address   [ ] Evading   [ ] Moved left no forwarding   [ ] Address does not exist   [ ] Other: _____

#7 DESCRIPTION ☒ A description of the Defendant, or other person served, or spoken to on behalf of the Defendant is as follows:
(use with #1,2 or 3) Sex **Male**   Color of skin **White**   Color of hair **Black**   Age **21 - 35 Yrs.**   Height **5' 4" - 5' 8"**
Weight **161 - 200 Lbs.**   Other Features: _____

#8 WIT. FEES ☐ the authorized witness fee and / or traveling expenses were paid (tendered) to the recipient.

#9 MILITARYSRVC ☐ Deponent asked person spoken to whether the defendant was presently in military service of the United States Government or of the State of New York and was informed that defendant was not.

#10 OTHER ☐

Sworn to before me on this **14** day of **February, 2008**

_____
BARBARA A. SHURGIN
NOTARY PUBLIC, State of New York
No. 30-5004737, Qualified in Nassau County
Commission Expires November 23, 2010

_____
DAVID LEVINE
Server's Lic # 0778982
Invoice•Work Order # 0805890

CAPITAL PROCESS SERVERS, INC. 265 POST AVENUE SUITE 150, WESTBURY, NY 11590 -TEL 516-333-6380 • FAX 516-333-6382