UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
MARGARITA GONZALEZ,

           Plaintiff,

   -against-

STOP & SHOP, STORE "500",

           Defendants.
------------------------------------------------------------------X

Docket No.: 08 CV 01989

**VERIFIED ANSWER**

ECF CASE

      Defendant, **THE STOP & SHOP SUPERMARKET COMPANY, LLC i/s/h/a STOP & SHOP, STORE "500"**, by its attorneys, **AHMUTY, DEMERS & McMANUS, ESQS.**, as and for its Verified Answer to Plaintiff's Verified Complaint alleges as follows upon information and belief:

      1.    Denies having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph designated "1" of the verified complaint.

      2.    Denies upon information and belief each and every allegation contained in paragraph designated "2" of the verified complaint, and respectfully refers all questions of law to the Honorable Court.

      3.    Denies upon information and belief each and every allegation contained in paragraph designated "3" of the verified complaint.

      4.    Denies upon information and belief each and every allegation contained in paragraph designated "4" of the verified complaint.

5. Denies upon information and belief each and every allegation contained in paragraph designated "5" of the verified complaint, and respectfully refers all questions of law to the Honorable Court.

6. Denies upon information and belief each and every allegation contained in paragraph designated "6" of the verified complaint, and respectfully refers all questions of law to the Honorable Court.

7. Denies upon information and belief each and every allegation contained in paragraph designated "7" of the verified complaint, and respectfully refers all questions of law to the Honorable Court.

8. Denies upon information and belief each and every allegation contained in paragraph designated "8" of the verified complaint, and respectfully refers all questions of law to the Honorable Court.

9. Denies upon information and belief each and every allegation contained in paragraph designated "9" of the verified complaint, and respectfully refers all questions of law to the Honorable Court.

10. Denies upon information and belief each and every allegation contained in paragraph designated "10" of the verified complaint, and respectfully refers all questions of law to the Honorable Court.

11. Denies having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraphs designated "11" of the verified complaint, and refers all questions of law to this Honorable Court.

12. Denies upon information and belief each and every allegation contained in paragraph designated "12" of the verified complaint, and respectfully refers all questions of law to the Honorable Court.

13. Denies upon information and belief each and every allegation contained in paragraph designated "13" of the verified complaint, and respectfully refers all questions of law to the Honorable Court.

14. Denies upon information and belief each and every allegation contained in paragraph designated "14" of the verified complaint, and respectfully refers all questions of law to the Honorable Court.

15. Denies upon information and belief each and every allegation contained in paragraph designated "15" of the verified complaint, and respectfully refers all questions of law to the Honorable Court.

16. Denies upon information and belief each and every allegation contained in paragraph designated "16" of the verified complaint, and respectfully refers all questions of law to the Honorable Court.

17. Denies upon information and belief each and every allegation contained in paragraph designated "17" of the verified complaint, and respectfully refers all questions of law to the Honorable Court.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

18. Upon information and belief, plaintiff's economic loss, if any, specified in CPLR §4545 was or will be replaced or indemnified, in whole or in part, from collateral

sources and the defendant is entitled to have the Court consider same in determining such special damages as provided in CPLR §4545.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

19.     The answering defendant, pursuant to CPLR §1412, alleges that if the plaintiff sustained any injuries or damages at the time and place alleged in plaintiffs' verified complaint, such injuries or damages were the result of the culpable conduct of the plaintiff because of her negligence or assumption of risk. Should it be found, however, that the answering defendant is liable to the plaintiff herein, any liability being specifically denied, then the defendant demands that any damages that are found be apportioned between and/or among the respective parties according to the degree of responsibility each is found to have had in the occurrence in proportion to the entire measure of responsibility for the occurrence.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

20.     The answering defendant's liability, if any, is limited and governed by the provisions set forth in Article 16 of the CPLR.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

21.     Any injuries or damages claimed were caused, in whole or in part, by the negligence or other culpable conduct of third parties over whom the answering defendant had no control or right to exercise such control.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

22.     That the plaintiff failed to mitigate, obviate, diminish or otherwise act to lessen or reduce the injuries, damages and disabilities alleged in plaintiff's verified complaint.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

23. The plaintiff has failed to join all necessary and indispensable parties in some or all of the causes of action who would be responsible in whole or in part for the damages alleged.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

24. In the event that any person or entity liable or claimed to be liable for the injury alleged in this action has been given or may hereafter be given a release or covenant not to sue, this defendant is or will be entitled to protection under General Obligations Law §15-108 and the corresponding reduction of any damages which may be determined to be due against this defendant.

WHEREFORE, the defendant, **THE STOP & SHOP SUPERMARKET COMPANY, LLC i/s/h/a STOP & SHOP, STORE "500"**, demands judgment dismissing the plaintiff's complaint on the merits; and if the plaintiff, **MARGARITA GONZALEZ**, is found to have contributed to the accident or damages, that any damages be reduced in proportion to which the plaintiff may be found to have so contributed to the accident and damages together with the costs and disbursements of this action.

Dated: Albertson, New York
       March 4, 2008

By: _____
PAUL ESCHMANN, ESQ. (5729)
AHMUTY, DEMERS & McMANUS, ESQS.
Attorneys for Defendant,
**THE STOP & SHOP SUPERMARKET COMPANY, LLC i/s/h/a STOP & SHOP, STORE "500"**
200 I.U. Willets Road
Albertson, New York 11507
(516) 294-5433
Our File No.: SAS0201N8PAE

TO: Robert Fassberg, Esq.
Crowe & Fassberg, P.C.
Attorney for Plaintiff,
Margarita Gonzalez
3000 Marcus Avenue, Ste. 1E5
Lake Success, N.Y. 11042
(516) 570-4012

STATE OF NEW YORK   )
                                    ):SS.:
COUNTY OF NEW YORK)

PAUL ESCHMANN, being duly sworn, deposes and says:

That he is a member of the law firm of **AHMUTY, DEMERS & McMANUS, ESQS.**, attorneys for the Defendant, **THE STOP & SHOP SUPERMARKET COMPANY, LLC i/s/h/a STOP & SHOP, STORE "500"**, in the above entitled action; that he has read and knows the contents of the foregoing VERIFIED ANSWER and that same is true to his own knowledge, except as to those matters therein stated to be alleged on information and belief and that as to those matters he believes to be true.

Deponent further says that the grounds for his belief as to all matters therein stated upon information and belief are statements made to him by the defendant and papers and documents received by deponent from the defendant or its representative and which are now in his possession.

Deponent further says that the reason why this verification is made by deponent and not by the defendant is that defendant is not within the County New York, where deponent has his office.

                                                          _____
                                                          PAUL ESCHMANN (5729)

Sworn Before Me This
_5_ day of March, 2008

_____
NOTARY PUBLIC

SOPHIE M. QUINONES
Commissioner of Deeds
City of New York No. 3-6795
Certificate filed in Bronx County
Commission Expires On: 3/1/10